# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 23, 2020

```
* * * * * * * * * * * * *
MARY FINCH,                    *        UNPUBLISHED
                               *
          Petitioner,          *        No. 18-1680V
                               *        Special Master Gowen
v.                             *
                               *        Attorneys' Fees and Costs
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
          Respondent.          *
* * * * * * * * * * * * *
```

Jeffrey S. Pop., Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.
Heather L. Pearlman, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 3, 2020, Mary Finch ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 35). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$11,749.71**.

## I.        Procedural History

On October 31, 2018, Mary Finch, ("Petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner filed a petition in the National Vaccine Injury Compensation Program.2 Petitioner alleged that as a result of receiving an influenza vaccine on November 14, 2017, she developed a shoulder injury related to vaccine administration ("SIRVA"). Petition (ECF No. 1). On April 22, 2020, petitioner filed a motion for a decision dismissing the

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

petition and on April 23, 2020, I issued my decision dismissing the petition for insufficient proof. (ECF No. 31).

On September 3, 2020, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation in the total amount of $11,749.71, representing $10,892.20 in attorneys' fees and $857.51 in costs. Fees App. at 15. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of her claim. Fees App. Ex. 4. Respondent reacted to the fees motion on September 17, 2020, stating that "Respondent defers to the Court to determine whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 3 (ECF No. 36). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II.     **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, although the petition was eventually dismissed, the undersigned does not doubt that it was filed in good faith, and there was a reasonable basis for the claim to last as long as it did. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.  **Attorneys' Fees**

Petitioner requests the following hourly rates for the work of her counsel at Jeffrey S. Pop and Associates: for Mr. Jeffrey S. Pop, $420.00 per hour for work performed in 2018, $454.00 per hour for work performed in 2019, and $470.00 per hour for work performed in 2020; for Ms. Alexandra Pop, $225.00 per hour for work performed in 2018, $262.00 per hour for work performed in 2019, and $295.00 per hour for work performed in 2020. Fees App. at 5-6. The requested rates are reasonable and consistent with what counsel has previously been awarded for Vaccine Program work.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioners are entitled to final attorneys' fees of $10,892.20.

**b. Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $857.51. This amount is comprised of acquiring medical records, postage, and the Court's filing fee. These costs appear reasonable and Petitioner has provided adequate documentation supporting them. Petitioner is therefore awarded final attorneys' costs of **$857.51**.

III.    **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $10,892.20 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$10,892.20** |
| | |
| Attorneys' Costs Requested | $857.51 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$857.51** |
| | |
| **Total Attorneys' Fees and Costs** | **$11,749.71** |

**Accordingly, I award a lump sum in the amount of $11,749.71, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Jeffrey S. Pop.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).